IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**RICKEY WHITE,**

        **Plaintiff,**

v.

**ERNEST McCARTY,**

        **Defendant.**

Case No. 24-CV-375-JFH-SPS

### OPINION AND ORDER

On October 8, 2024, Plaintiff Rickey White ("White"), a pro se state prisoner who is incarcerated at Great Plains Correctional Center in Hinton, Oklahoma, filed this civil rights complaint pursuant to 28 U.S.C. § 1983. Dkt. No. 1. The defendant is Ernest McCarty, the Mayor of the City of Hugo, Oklahoma. *Id.* at 3. White is seeking monetary relief and to have his life sentence reduced to 45 years. *Id*. at 12.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

White's complaint is unclear and difficult to read. He alleges in Claim One that on November 1, 1981, he was damaged "by the unreasonable delay there was no arrest warrant . . . supported by oath or affirmation as required by the 4th Amendment of the United States Constitution." Doc. No. 1 at 5. He also apparently is complaining that the Choctaw County officials waited 48 hours to secure an arrest warrant. *Id.*

In Claim Two of the complaint, White asserts that on November 1, 1987, there was no probable cause shown for his arrest, and there was no arrest warrant to show he committed the offense. *Id.*

Because White is raising issues related to his criminal prosecution, the Court finds this civil rights complaint is not the proper vehicle to pursue his claims. Instead, White's claims must be presented in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (holding that a § 2254 petition challenges the validity of a conviction or sentence). White, however, first must exhaust his state court claims pursuant to 28 U.S.C. § 2254(b)(1)(A).

To the extent White seeks compensatory damages for the alleged unconstitutional search and seizure, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

2

determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A (b)(1) for White's failure to state a claim upon which relief may be granted. White's motion for leave to proceed *in forma pauperis* [Doc. No. 2] is denied as moot.

Dated this 15th day of November 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE